## DUNCAN et al. v. AHERN. (No. 2624.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 8, 1922. Rehearing Denied Nov. 16, 1922.)

Landlord and tenant ⬤75(3), 115(1)—Evidence held to sustain finding that defendant was in possession of plaintiff's land as a tenant from month to month, and not as sublessee under parol lease.

In owner's action for possession of premises, defended on the ground that plaintiff had given a five-year parol lease to one of the defendants, who had subleased to codefendant in possession at time action was brought, that defendant had rendered lease valid by taking possession and making permanent improvements and that owner had ratified subtenancy by acceptance of rents, evidence held to sustain finding that there was no ratification of subletting, and that owner had rented the property to the cotenant from month to month.

Appeal from District Court, Bowie County; Hugh Carney, Judge.

Action by T. J. Ahern against W. M. Duncan and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wheeler & Robison, of Texarkana, for appellants.
King, Mahaffey & Wheeler, of Texarkana, for appellee.

HODGES, J. The appellee is the owner of a business house situated on Broad street in the city of Texarkana, Tex. On May 1, 1919, he entered into a parol agreement by which he leased the building to Robert Taylor, one of the appellants, for a period of five years, at a rental of $50 per month. Taylor took possession, made some permanent improvements on the building, and occupied it for several months. He then by some kind of an arrangement put another party in possession, who is in no way connected with this suit. Later he claims he made a verbal agreement by which he turned over the possession to W. M. Duncan,

also one of the appellants, who continued the occupancy till ousted by this suit filed by the appellee in July, 1921. From an adverse judgment Taylor and Duncan have appealed. They concede that the appellee owns the property, but defend their right of possession upon the ground that the parol lease to Taylor for five years was rendered valid by possession taken and the making of valuable and permanent improvements. They also admit the assignment of the lease, or a subletting from Taylor to Duncan, without receiving the prior consent of the owner; but they insist that the owner is estopped to question the validity of the subletting or assignment because he ratified the subtenancy by accepting rents from the subtenant for more than a year.

In responding to special issues the jury found the making of the lease for a period of five years as alleged by the appellants; that Taylor took possession in May, 1919, and made valuable and permanent improvements on the premises. They found, however, that neither the plaintiff nor his agent agreed for Taylor to sublet the property to the defendant Duncan, and that the plaintiff did not thereafter ratify the subletting. Appellants contend that the finding that there was no ratification of the subletting to Duncan was without evidence to support it.

The record does show without dispute that Duncan continued in possession for more than a year, and paid monthly rents to the agent of the appellee, and that during that time no objection was made until the demand for an increase in the rent. The agent of the appellee testified, however, that he rented the property to Duncan and another party from month to month; that the 1st of January, 1920, the premises were vacated by Taylor, and at that time Taylor sold his machinery to the Southern Creameries; that Taylor then told him the Southern Creameries would pay the rent for January, 1920, and that was done. He further stated that about the 1st of February, 1920, Taylor brought the appellant Duncan and another party to the office of witness, and Taylor then told witness that he had some good tenants for him; that witness replied that if they (the proposed tenants) were going to occupy the building they would have to pay in advance; that he did not know Duncan and the other party. They were introduced to him by Taylor, and Taylor told witness that he would guarantee the payment of the rent by Duncan and the other party. Witness says that he then rented the property to Duncan and the other party, from month to month, for $50 per month. Duncan paid the rent regularly until the 1st of May, 1921, at which time the appellee demanded $75 per month, which Duncan refused to pay. Witness never knew that Duncan claimed to have rented the property from Taylor until about the time this suit was instituted, and Taylor never at any time told the witness that he had sublet the property to Duncan or to any one else; that he had never agreed for Duncan or Taylor to occupy the building for any length of time except from month to month. Appellee, testifying in his own behalf, stated that he never knew Duncan rented the property from Taylor, or contended that he had rented it from Taylor, until a short time before this suit was brought, and after he had demanded an increase in the rent. He denies that he ever consented for Taylor to sublet the property to Duncan or to any one else.

We think the evidence is sufficient to sustain the judgment rendered, and it is accordingly affirmed.